IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERIACE STONE,** | : | **CIVIL ACTION NO. 1:05-CV-2520** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN THOMAS HOGAN, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 by petitioner, Deriace Stone ("Stone"), a state prisoner alleging that he has been denied good conduct time in violation of his constitutional rights.[1]  The petition will be dismissed, without prejudice, for failure to exhaust state court remedies.

**I.    Statement of Facts**

Stone is presently incarcerated at the York County Prison serving a Court of Common Pleas of York County sentence of nine to twenty-three months for simple assault.  (Doc. 14, p. 3).  His minimum sentence expired on February 25, 2006, and, according to respondents, his maximum date is set to expire on April 25, 2007.  (Id.). Stone, however, contends that his maximum date is March 15, 2007.   (Doc. 10, p. 6).

---

[1] The petition was filed pursuant to 28 U.S.C. §§ 2241, 2255.  However, because § 2254 is the exclusive remedy for a state prisoner challenging the loss of good time credits, the petition will be considered under that provision.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also, Montgomery v. Anderson, 262 F.3d 641, 643 (7th Cir. 2001) (finding that § 2254 is the exclusive remedy for a state prisoner challenging the loss of good time credits).

Stone is eligible for an Earned Time Credit Program which exists at the York County Prison. (Doc. 8-2, pp. 4-11). According to respondents, at the discretion of the warden, he was not given credit for forty-five days due to multiple violations of prison rules. (Doc. 14, p. 3). Stone alleges that the warden's decision is in violation of his Constitutional rights. (Doc. 1, p. 2). He seeks restoration of forty-five days of earned conduct time and immediate release from incarceration. (Doc. 1, p. 1).

**II.    Discussion**

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted state court remedies for all grounds presented in the petition or such process is unavailable or ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 544 U.S. 269, 274-75 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Section § 2254 provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) "there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993).

A prisoner, such as petitioner, challenging loss of good conduct time is required to exhaust available state court remedies prior to seeking federal relief. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Brown v. Fauver, 819 F.2d 395, 397-99 (3d Cir. 1987).  The exhaustion rule requires a petitioner to fairly present each claim to each level of the state courts.  O'Sullivan v. Boerekel, 526 U.S. 838 (1999); Duncan v. Henry, 513 U.S. 364 (1995).  "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."  Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation omitted).

There is no indication that Stone has filed a petition for writ of habeas corpus in the state courts seeking restoration of his earned conduct time or immediate release.  See 42 PA. C. S. A. § 6503, "Right to apply for writ" (An application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within the Commonwealth under any pretense, except when a remedy by post-conviction hearing proceedings is authorized by law).  The petition will therefore be dismissed, without prejudice, for failure to exhaust state court remedies.

An appropriate order will enter.

          S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      August 28, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERIACE STONE,** | : | CIVIL ACTION NO. 1:05-CV-2520 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN THOMAS HOGAN, et al.,** | : | |
| | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 28th day of August, 2006, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition is DISMISSED without prejudice.

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for a certificate of appealability. See 28 U.S.C. § 2253(c).


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge